RECEIVED

2017 DEC -8  PM 2: 15

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W.D. OF TN MEMPHIS

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION**

**ROCHELLE JACKSON,**
     **Plaintiff**
vs.

**GENERAL MOTORS,**
     **Defendant**

**CIVIL ACTION NO:** _____

# JURY DEMANDED

---

# COMPLAINT

---

1. COMES NOW, Plaintiff and brings this action against her former employer for employment discrimination for racial discrimination, and retaliation after engaging in protected activity , both in violation of  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. {2000e-16 and 29 C.F.R. {{1614.101 (a) and the Americans with Disabilities  Amendments Act of **2008** (Public Law 110-325, ADAAA), 42 U.S.C ch 126 } 12101 et seq . Jurisdiction is specifically conferred on the court by 42 U.S.C.} 2000e-5.   Equitable and other relief are also sought under 42 U.S. C. {2000e-5(g).

2. Plaintiff is, an African American female and a citizen of the United States and resides at 10505 Ashglen Circle, Collierville Tennessee, 38017.

3. Defendant is located at 5115 Pleasant Hill Road, Memphis, Tennessee 38118.

1

4. Plaintiff was employed by Defendant in its Memphis location on Pleasant Hill Road.

5. Defendant unlawfully discriminated against plaintiff in the manner indicated in paragraphs 9 and 10 of the compliant that resulted in Plaintiff being subjected to unjust, unmerited, unwarranted and unlawful discriminatory employment and personnel decisions that created adverse employment determination including constructive discharge.

6. Plaintiff filed timely charges against the Defendant when she filed with the US EEOC Charge #490-2017-02578 on September 1, 2017. **EXHIBIT # 1**

7. The EEOC issued a Right to Sue notice on September 6,, however the postmark on the mailing envelop evidences that it was not mailed until September 7, 2017 **EXHIBIT # 2** Plaintiff received her notice five days after the stamped mail date  and post mark date of the issued right to sue as calculated by EEOC and 6th circuit caselaw.

8. Because of plaintiff's (1) ___ **X** _ ___ Race, (2) _____color, (3) _ **X** _sex, ___religion, (5) ___national origin (6) ____ _ (7) __ _Disability; ___ Age; (8) _ **X** _Retaliation ,

Defendant:

(a)_____  failed to employ plaintiff.

(b) ___ **X** ____terminated plaintiff's employment via constructive discharge.

(c)_____failed to promote Plaintiff to a promotional opportunity.

(e)____ **X** ____subjected Plaintiff to unlawful, intentional and deliberate discrimination and subjected her to retaliation after she engaged in protected activity.

2

9. The circumstances under which the defendant discriminated against plaintiff are as follows: (all supportive documents referenced in paragraph 9 are all found in **Collective Exhibit #3:**

a. Plaintiff worked for Defendant for over 30 years.

b. Plaintiff began her employment with Defendant in Indiana as an Engineer.

c. Plaintiff began her career in the Defendant's Components Division located in Indiana.

d. Defendant hired Plaintiff in 1981 as a part-time engineering co-op student.

e. Defendant employed Plaintiff as a part-time engineering co-op student from May 1981 through May 1985.

f. Plaintiff gained engineering design, engineering lab and manufacturing experiences a experience in process, materials and electrical labs. during her 5 -year student co-op.

g. Plaintiff's was responsible for various cost saving and quality improvement projects in the manufacturing environment as a 5- year student co-op.

h. Plaintiff was hired on June 16, 1985 as a full time Electrical Controls Engineer.

i. Plaintiff worked as a full time Electrical Controls Engineer from June 1985 through May 1986.

j. As a full time Electrical Controls Engineer, Plaintiff was responsible for the design, installation, and debug of electrical control systems on manufacturing equipment.

k. Plaintiff's compensation on June 16, 1985 when she was hired full-time was $30,100.00 per year.

l. Plaintiff's last and final compensation at the time of termination through constructive discharge was $111,052.28 annually.

m.   Plaintiff was hired in as a 4th level employee and progressed to a 7th level employee over the course of her career with Defendant.

n.   Plaintiff's career with Defendant has included many different assignments, reporting Managers and various GM locations.

o.   Plaintiff was promoted on several occasions by Defendant.

p.   Plaintiff's last promotion occurred at one of Defendant's manufacturing facility in 1991 as a General Supervisor in Production (7th level).

q.   Plaintiff's Manager at the time of the 1991 promotion was Jerry Sturdivant (retired).

r.   Plaintiff was not interviewed for the initial promotion in 1991.

s.   The 1991 promotion was proficiency based (performance).

t.   Plaintiff transitioned into the Human Resources functional arena around 1995 timeframe (non-promotional-7th level).

u.   Plaintiff interviewed and was selected for her initial transition into Human Resources by her Manager Dennis Richmond (retired).

v.   Plaintiff remained in Human Resources for the balance of her employment with Defendant with assignments in various facilities and/or states having gained experience/skills in nearly all Human Resources functional areas.

w.   Plaintiff has been a certified Human Resources Professional since 2001.

x.   Prior to Plaintiff's position at the Memphis Plaint in 2014, Plaintiff never experienced or was subjected to any professional relationship issues or negative/constructive feedback on any behavioral or job performance issues.

y.   Plaintiff's reporting structure included a direct leader supervisor, Kate Harvey.

z.   Plaintiff's direct leader was located in Michigan.

aa. Plaintiff's reporting structure included an indirect leader, Kate Harvey, Human Resources Director CCA.

bb. Kate Harvey was located in Memphis, Tennessee.

cc. Plaintiff's reporting structure included an indirect leader, Harrell (Hal) Stafford, Plant Manager, Memphis PDC.

dd. Harrell Stafford was located in Memphis Tennessee.

ee. Defendant subjected Plaintiff to unfair employment determinations and actions that resulted in adverse alteration in the terms and conditions of her employment from July 1, 2014 through August 31, 2017 through its Memphis PDC Plant Manager Hal Stafford.

ff. Defendant, through Management, Hal Stafford refused failed and denied to provide administrative support to Plaintiff while she worked as Personnel Manager at the Memphis Plant.

gg. Plaintiff reported and complained to upper management when Hal Stafford refused failed and denied to provide administrative support to her while she worked as Personnel Manager at the Memphis Plant.

hh. Defendant's standard operating policy, procedure, protocol and customary organizational structure and template throughout CCA facilities across the United States was to provide for administrative support to its Managers

ii. Defendant, through Management, Hal Stafford delegated safety supervisor related roles/tasks to Plaintiff that were beyond the scope of her Personnel Director's job role and duties.

jj.    Plaintiff complained to Defendant about the delegation of safety supervisor related roles/tasks.

kk.    Defendant, through Management, Hal Stafford refused to address Plaintiff's workload imbalance concerns.

ll.    Defendant's subjected Plaintiff to a change to the terms and conditions of her employment with delegation of safety supervisor roles and denial of adequate and sufficient administrative support.


mm.    Defendant's denial of adequate and sufficient administrative support and delegation of safety supervisor roles resulting in ongoing excessive uncompensated work hours.

nn.    Plaintiff's was subjected to a change in the terms and condition of her employment and adverse employment determination and decisions.

oo.    Defendant, through Management, Hal Stafford communicated to Plaintiff direct leaders that he didn't know what Plaintiff was doing that required excessive work hours.

pp.    Defendant, through Management, Hal Stafford created delays in the timely providing of work equipment needed for workplace efficiencies which denied Plaintiff adequate resources to perform her job.

qq.    Defendant, through Management, Hal Stafford subjected Plaintiff to inferior work conditions unlike any other current Salaried employees or prior non -African American Personnel Director at the Memphis facility.

rr.    Plaintiff was the only minority female on staff at the Memphis facility.

6

ss.   Defendant employed one other white female (office worker-retired 9/1/17) on Management, Hal Stafford's entire salary staff.

tt.   Defendant did not have any females in a leadership/supervisory role at the Memphis PDC.

uu.   Plaintiff reasonably believed and perceived that as minority female that she was not received by Hal as a welcomed addition and thereby was not treated or regarded as a valued professional addition to his staff.

vv.   Defendant, through Management, Hal Stafford negative approach toward Plaintiff was unlike his approach to any other Salaried employees that Plaintiff personally observed and witnessed.

ww.   Plaintiff reasonably believed and perceived that Defendant, through Management, Hal Stafford  had a deliberate goal to see her fail by whatever means necessary.

xx.   Plaintiff has attached relevant written communications of her complaints and examples of repeated and ongoing reported behaviors and statements regarding Plaintiff's alleged deficient performance made by Defendant, through Management, Hal Stafford in Collective Exhibit 3.

yy.   Defendant, through Management, Hal Stafford    personally and directly informed Plaintiff that he did NOT like her.

zz.   Defendant, through Management, Hal Stafford personally and directly informed Plaintiff that none of the other Staff including the Union liked her either.

aaa.   Defendant, through Management, Hal Stafford personally and directly informed Plaintiff that he did not consider her as part of his team in an aggressive offensive,

threatening and intimidating tone while standing with intense body language while Plaintiff was in a seated position.

bbb.    Defendant, through Management, Hal Stafford personally and directly informed Plaintiff regarding compensation planning that he did not give a damn if she get in trouble with her leaders.

ccc.    Defendant, through Management, Hal Stafford personally and directly asked Plaintiff regarding a discussion on her concerns on safety role and duties if she was in or out.

ddd.    Defendant, through Management, Hal Stafford personally and directly informed Plaintiff regarding a discussion on her concerns on safety role and duties that he was okay with it as long as it was against her.

eee.    Defendant, through Management, Hal Stafford in an aggressive manner literally threw safety paperwork across his desk at Plaintiff while she was seated and SCREAMED when he had a conversation with Plaintiff about her concerns with assigned safety role and duties.

fff.    Defendant, through Management, Hal Stafford declarations that Plaintiff was not part of his team was backed up throughout Plaintiff's tenure at the Memphis facility by deliberate ongoing exclusion of Plaintiff by Hal from key meetings that Human Resources representatives normally and customarily have a key role/responsibility in.

ggg.    Defendant, through Management, Hal Stafford's ongoing and continuous exclusion of Plaintiff to key meetings negatively affected her ability to execute many Personnel Director tasks efficiently including confirming and ensuring compliance with Defendant's policy and the law in decision making.

8

hhh.   Defendant, through Management, Hal Stafford's deliberate, intentional; ongoing and continuous exclusion of Plaintiff to key meetings limited, prevented and impaired Plaintiff's exposure to meetings when key executives were on-site.

iii.   Defendant, through Management, Hal Stafford's actions of deliberate, intentional; ongoing and continuous exclusion of Plaintiff to key meetings created Plaintiff to reasonably believe and perceived that she was in a hostile work environment.

jjj.   Plaintiff's subjection to exposure to general on-going unprofessional behavior through intimidation, raised tone of voice, use of profanity, intimidating body language/stance and facial expression through Defendant, through Management, Hal Stafford's  created Plaintiff to reasonably believe and perceived that she was in a hostile work environment.

kkk.   Defendant, through Management, Hal Stafford's actions of deliberate cruel and personal attacks against Plaintiff with the obvious goal to insult, hurt or inflict emotional pain did create emotional stress and harm within Plaintiff.

lll.   Defendant, through Management, Hal Stafford's actions, inactions and behavior was in direct conflict with Defendant's own policies and federal laws.

mmm.   Defendant, through Management, Hal Stafford's mostly approached Plaintiff with an air of superiority.

nnn.   Plaintiff reasonably believed and perceived that as a minority female subordinate that Hal Stafford felt comfortable with frequently addressing her in a demeaning manner because he had confidence as a superior level white male Manager that he would be protected by the internal complaint system because he never made these types of comments in the presence of a witness.

ooo.  Plaintiff reasonably believed and perceived that some of Hal Stafford's approaches toward her had an underlying tone, inference and impact of "you black bitch I'm in charge around here" irrespective that he never verbally stated it.

ppp.  Plaintiff reasonably believed and perceived as well as experienced that Hal Stafford demonstrated through his actions that he felt any allegations against him would be deemed exactly as he told her they would be which was "he said vs. she said" and likely no major consequence to him with any outcome from any investigation.

qqq.  Defendant, through Management, Hal Stafford's unchecked offenses directed at Plaintiff over time subjected her to be subjected to ongoing hostile work environment.

rrr.  Defendant, through Management, Hal Stafford's unchecked offenses directed to Plaintiff over time unchecked offenses directed at Plaintiff over time directly caused Plaintiff to no longer being able to manage the stress and emotional pain requiring her to seek outside ongoing medical treatment .

sss.  Defendant, through Management, Hal Stafford's rated and provided negative comments in retaliation to Plaintiff reports of complaints and concerns in her 2014 performance evaluations.

ttt.  Defendant, through Management, Hal Stafford's rated and provided negative comments in retaliation to Plaintiff reports of complaints and concerns in her 2015 performance evaluations.

uuu.  Defendant, through Management, Hal Stafford's rated and provided negative comments in retaliation to Plaintiff reports of complaints and concerns in her 2016 performance evaluations.

10

vvv.  Defendant, through Management, Hal Stafford continued to provide negative/constructive feedback to Plaintiff direct CCA HR Executive Leaders having "NEVER" discussed any performance related concerns or issues during her ENTIRE tenure at the Memphis facility.

www.  There was only 1 performance discussion between Defendant, through Management, Hal Stafford with Plaintiff in which Plaintiff herself initiated and scheduled after receiving a partially performing yearend rating for 2014

xxx.  Defendant, through Management, Hal Stafford's feedback resulted in three (3) consecutive years of negative financial impact by reduced merit and bonus treatment.

yyy.  If any such alleged performance/behavioral issues with Plaintiff existed, Plaintiff was NEVER informed and given the OPPORTUNITY FOR CORRECTION which was supposed to be standard protocol as part of Defendant's performance evaluation process.

zzz.  Defendant, through Management, Hal Stafford violated their own documented policy for performance evaluation process of Plaintiff for 2014, 2015 and 2016.

aaaa.  Plaintiff as a documented successful Human Resources Professional always had been under the understanding that "yearend" partial or non-performing ratings should be the result of issues of an ongoing/systemic nature accompanied with Leadership "documentation to support".

bbbb.  Defendant, through Management, Hal Stafford's feedback and/or that of any other CCA leaders would have to have been taken at verbal face value with no documentation by Plaintiff's CCA HR Executive Professionals as not a single CCA

11

leader had personally counseled or brought any ongoing/systemic performance deficiency to Plaintiff's attention.

cccc.   Plaintiff's opposes and objects to Human Resources' Leader reason that was given in 2014 yearend when it stated by Defendant's Management John Hulett, that Plaintiff's ability to get along with Plant Manager was not evident (no specifics) .

dddd.   The comment made by Defendant's Management John Hulett, in 2014 subjected Plaintiff in receiving a partial yearend performance rating.

eeee.   Plaintiff's opposes and objects to Human Resources' Leader reason that was given in 2015 yearend when it stated by Defendant's Management 2015 yearend-Laura Schaffran,  that Plaintiff's " brand" was damaged across CCA Leadership.

ffff.   Plaintiff's opposes and objects to Human Resources' Leader reason that was given in 2016 yearend when it stated by Defendant's Management Kate Harvey, that Hal Stafford having to continuing express performance concerns (undisclosed to Plaintiff) and Labor Relations Rep. (John Bussineau) statement that it was hard to get in contact with Plaintiff created an adverse determination for Plaintiff.

gggg.   Plaintiff was NEVER made aware of any issue during any merit cycle.

hhhh.   Plaintiff's norm was if she could not respond to a voice or email by the end of a shift (in training, travelling, vacation, meetings, conference calls, resolving active labor issues, working an off-shift, off work, etc.) she would follow-up and respond during her next scheduled shift.

iiii.   Plaintiff was not treated consistently and fairly under the provisions of Defendant's Policies, Code of Conduct and Winning With Integrity Principles resulting in a

12

negative financial impact and tarnished performance/personnel records for three consecutive years.

jjjj.   Plaintiff was not aware of any other employees where this type of situation has occurred at the Memphis PDC.

kkkk.   Plaintiff believed she had been singled out again as a minority female and unfairly discriminated against.

llll.   Plaintiff reasonably believed and perceived Hal Stafford's consistency with successfully forwarding non-substantiated/un-documented negative performance feedback regarding her was part of his retaliation strategy to further degrade her work image/record in a hope to drive her out of the facility.

mmmm.   Plaintiff did not believe that any of the reasons/examples provided by Defendant's Management of alleged performance deficiency were of a systemic/ongoing significant nature that would result in an "overall yearend" partial or non-performance rating.

nnnn.   Plaintiff believed that she was dismissed as a valued employee based on noise from the system resulting from standing her ground of engaging in protected activity through reported opposition regarding the Safety Supervisory role expectations.

oooo.   Plaintiff believed that she was dismissed as a valued employee based on noise from the system resulting from standing her ground of engaging in protected activity through reported opposition regarding the re-education and enforcement of current GM work practices and policies

pppp.  Plaintiff believed that she was dismissed as a valued employee based on noise from the system resulting from standing her ground of engaging in protected activity through reported opposition regarding the excessive workload imbalance.

qqqq.  Plaintiff believed that she was dismissed as a valued employee based on noise from the system resulting from standing her ground of engaging in protected activity through reported opposition regarding the ongoing excessive uncompensated work hours.

rrrr.  Plaintiff believed that she was dismissed as a valued employee based on noise from the system resulting from standing her ground of engaging in protected activity through reported opposition regarding the lack of administrative support afforded to other PD's across the Organization (peers).

ssss.  Plaintiff's concerns and complaints were legitimate quality of work-life concerns.

tttt.  None of Plaintiff's concerns and complaints which were EVER resolved by any of her CCA HR Executive Leaders.

uuuu.  Plaintiff reasonably believed and perceived that CCA HR Executive Direct Leaders further compounded issues by not serving as a check and balance.

vvvv.  Plaintiff reasonably believed and perceived that CCA HR Executive Direct Leaders further compounded issues by not properly or thoroughly investigating allegations brought forward nor requiring conformance by Hal Stafford to Defendant's Performance Feedback Protocol.

wwww.  Plaintiff's work product and job role was subjected to sabotage by Defendant's Management, Hal Stafford from 2014-2017.

14

xxxx.  Deliberate acts by Hal to impede or obstruct Plaintiff's work Product or execution of Job role responsibilities created a hostile work environment.

yyyy.  Plaintiff was subjected to ongoing deliberate exclusion from key Memphis Salary Staff meetings with discussion items such as HRM's, salary staffing and Job rotations, compensation planning and key Executive Plant visitations.

zzzz.  Plaintiff's job role responsibility to ensure fairness and compliance with Defendant's policy and the law were critical to successful performance.

aaaaa.  Exclusion of Plaintiff from key meetings obstructed Plaintiff's oversight which could have potentially placed Defendant at risk.

bbbbb. Plaintiff's understanding was that the prior Personnel Director reporting to Hal were involved and not excluded from key Plant Staff meetings.

ccccc.  Defendant's acts of disparate treatment deliberately obstructed Plaintiff's ability to perform key job responsibility of procedural oversight for appropriately based decision making.

ddddd.  The only reason for exclusion Plaintiff could ascertain was Hal's previous comment that he did not consider her as part of his team (unlike prior PD's).

eeeee. In approximately August 2015, Defendant through Hal Strafford directed a physical act of sabotage to one of Plaintiff's UAW hiring activities.

fffff.  Defendant through Hal deliberately solicited the aid of a GF, Paul White (white male) and instructed him to pull Plaintiff's employee communications regarding an approved hiring activity from the all employee daily huddle-up communications.

15

ggggg.  Defendant through Hal deliberately solicited the aid of a GF, Paul White (white male) and instructed him to pull down all references to the hiring activity from the Plant Communication boards.

hhhhh. Defendant through Hal never communicated any concern to Plaintiff regarding the applicant drive for hiring temporary workers.

iiiii.  Defendant through Hal requested and approved the applicant drive and he, did not communicate any need for a change to the hiring strategy to Plaintiff.

jjjjj.  Defendant through Hal further attempted to intimidate, insult, embarrass and discredit Plaintiff by having Paul White ask Plaintiff to come to his office and attempt to scold Plaintiff in the presence of Paul, a peer regarding the "success" of the hiring applicant drive.

kkkkk.  Plaintiff was subjected to disparaging treatment and ongoing retaliatory actions by Defendant through Hal through deliberate exclusion of her participation in key staff meetings, particularly those having HR specific content which falls within her key job responsibilities as the Plant Personnel Director.

lllll.  Defendant through Hal negatively impacted Plaintiff's ability to fulfill her job related responsibilities.

mmmmm. Plaintiff as the hiring Manager was had the sole responsibility for the execution and oversight of all UAW and salary employee hiring for the Memphis facility.

nnnnn. Any changes or adjustments to the Plants hiring strategy should have gone directly through Plaintiff.

16

ooooo. Plaintiff believes Defendant through Hal Stafford's covert activity was a discriminatory act of ongoing harassment and intimidation to sabotage and drive a failed work product for which she was responsible.

ppppp. Plaintiff believes Defendant through Hal Stafford's covert activity was to have Plaintiff be held accountable and reprimanded for a failed execution of duties out of continued retaliation.

qqqqq. Plaintiff continued to question for clarity on what was the basis of the alleged performance issue.

rrrrr. Defendant through Hal Stafford's had become very intense in his facial body language and finally stated (blurted out) that he had directed the employee communications to be pulled.

sssss. Defendant employee Paul White confessed that he had pulled the communications at Hal's direction.

ttttt. Defendant never provided a reason for Hal's consternation.

uuuuu. Defendant subjected Plaintiff to continuous and ongoing discriminatory employment practices that resulted in disparate treatment for three consecutive years while she worked as Personnel Manager in Memphis.

vvvvv. Defendant subjected Plaintiff to continuous and ongoing discriminatory employment practices that resulted in harassment/intimidation for three consecutive years while she worked as Personnel Manager in Memphis Defendant subjected Plaintiff to continuous and ongoing discriminatory employment practices that resulted in retaliation and on-going hostile work environment for three consecutive years while she worked as Personnel Manager in Memphis.

17

wwwww.                              Plaintiff reasonably believed and perceived that Defendant's employment actions of refusal to address ANY of her reported concerns and complaints in blatant violation of their own standard policy, protocol and procedures, terminated her through constructive discharge.

xxxxx.   On September 1, 2017, Plaintiff was forced into an unplanned early retirement to remove herself from ongoing disparate treatment and a hostile workplace environment.

yyyyy.   Plaintiff was employed by Defendant as the Personnel Manager at the time she was constructively discharged on September 1, 2017.

zzzzz.   Plaintiff opted for an "unplanned" early retirement in fear of further/ongoing assassination of her character.

aaaaaa.                              Plaintiff opted for an "unplanned" early retirement in fear of further/ongoing unlawful and undocumented accusations of poor job related performance.

bbbbbb.                              Plaintiff opted for an "unplanned" early retirement in fear of further/ongoing further false disciplinary actions.

cccccc. Plaintiff opted for an "unplanned" early retirement in fear of termination due to being subjected to unbearable workplace conditions.

10. The acts set forth in paragraphs 9 of this complaint:

(a) __ __ are still being committed by defendant.

(b)__ _ **X** ___ are no longer being committed by defendant.

(c)__ _____may still be being committed by defendant.

11. Plaintiff attaches to this complaint a copy of the charges (formal Complaint).

**WHEREFORE,** Plaintiff prays that the following relief be granted following a jury in her favor:

(a)____ Defendant be directed to employ plaintiff,

(b)__ __Defendant be directed to re-employ plaintiff,

(c__ Defendant be directed to promote plaintiff

(d) **X** ____Defendant be directed to pay:

1.) Compensatory damages against Defendant in an amount to be determined by the jury but not less than three hundred thousand dollars $300,000; 2) Any and all other pecuniary losses proximately caused by Defendant's unlawful conduct; 3.) Punitive damages against Defendant in an amount of two million dollars or a punitive amount to be determined by the jury if the Jury finds the Defendant engaged in intentional, malicious and reckless acts of discrimination without regard to Plaintiff professional character, integrity and documented skill set 4.) All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorneys' fees allowed under actions brought pursuant to 42 U.S.C. § 1981; 5) Such further relief as is deemed just and proper and appropriate including injunctive relief.

19

_Rochelle L. Jackson_

**Plaintiff Signature**

**Printed Name** _Rochelle L. Jackson_

**Plaintiff Address** _10505 Ashglen Cir. S_
                     _Collerville, TN 38017_
**Plaintiff Phone** _901-316-8282_

**Date:** _12/07/2017_